**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Schellenbach, et al., | No. CV-16-00746-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Plaintiffs Mark Schellenbach and William Ryder, on behalf of themselves and all others similarly situated, filed a complaint against Defendant GoDaddy.com, LLC. Docs. 1, 33. Plaintiffs seek monetary and injunctive relief for alleged violations of Arizona and California law. *Id.* Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 43. The motion is fully briefed (Docs. 43, 52, 61), and neither party has requested oral argument. For the reasons set forth below, the Court will grant Defendant's motion as to the negligent misrepresentation claim and deny it as to all other claims.

**I.   Background.**

Defendant is a large technology provider incorporated in Delaware and headquartered in Scottsdale, Arizona. Doc. 33, ¶ 7. It sells a variety of services to small businesses, including internet domain registrations, web-based business applications, and forms of server access. *Id.*, ¶¶ 1-3; Doc. 43 at 11. On October 31, 2014, Defendant issued a press release titled "GoDaddy Launches New Dedicated and VPS Servers with

Added Support for Designers and Developers." Doc. 33, ¶ 16; Doc. 52-3 at 2. Named Plaintiffs are website designers based in Los Angeles, California. Doc. 33, ¶¶ 8-9. In December 2014 and continuing thereafter, they both purchased a "Dedicated Server" hosting plan maintained by Defendant. Doc. 33, ¶ 29. Plaintiffs allege that, after experiencing "crippling performance issues relating to the server[,]" they hired an independent server expert to diagnose and resolve those issues. *Id.*, ¶¶ 29, 31. Plaintiffs learned from this expert that they were actually being provided with a virtualized server. *Id.*, ¶ 31. Defendant does not dispute that its Dedicated Server product is virtualized. Doc. 43 at 11. Rather, Defendant argues that this information was "clearly and publicly disclose[d]." *Id.* at 10. Plaintiffs argue that they "were misled by [Defendant's] omission of material facts, *i.e.* that the 'Dedicated Servers' marketed and sold by [Defendant] were, in fact, virtualized." Doc. 52 at 7.

**II.  Legal Standard.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint "must state the time, place, and specific content of the false representations as well as the

identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted). A complaint of fraud must specify "the who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). "[A] plaintiff in a fraud-by-omission suit faces a slightly more relaxed burden, due to the fraud-by-omission plaintiff's inherent inability to specify the time, place, and specific content of an omission in quite as precise a manner." *Tait v. BSH Home Appliances Corp.*, No. SACV 10-00711 DOC, 2011 WL 3941387, at *2 (C.D. Cal. Aug. 31, 2011); *see also Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007).

### III.   Analysis.

Plaintiffs bring claims alleging fraudulent concealment under Arizona law, negligent misrepresentation under California law, violations of the Arizona Consumer Fraud Act ("ACFA"), and violations of California's false advertising and unfair competition laws. Doc. 33.

### A.   Scope of Review and Judicial Notice.

Defendant asks the Court to take judicial notice of four exhibits containing images of Defendant's website. Doc. 43-1. In making this request, Defendant confuses the doctrine of incorporation by reference with judicial notice. "Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Hsu v. Puma Biotechnology, Inc.*, No. SACV150865AGJCGX, 2016 WL 5859000, at *4 (C.D. Cal. Sept. 30, 2016) (quoting *Gammel v. Hewlett–Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012)) (alterations and quotation marks omitted). Judicial notice is permitted by the rules of evidence and allows a court to take notice of facts that cannot reasonably be disputed. *See* Fed. R. Evid. 201(b). Incorporation by reference concerns information a court may considered when ruling on a motion under Rule 12(b)(6), and permits the court to consider materials attached to the complaint that are referenced in the complaint. *Hsu*, 2016 WL 5859000, at *4. In fact, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10.

Incorporation by reference also allows a court to consider certain documents referred to or relied upon in a complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Ninth Circuit has provided this explanation:

> Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. A court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotations marks and citations omitted). *See also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Defendant argues that the Court may "take judicial notice" of the contents of its website because Plaintiffs incorporated the website in their Amended Complaint. Doc. 43-1 at 3. Defendant further contends that "[t]here is no dispute regarding the accuracy or authenticity of the" webpage copies attached to its motion to dismiss. *Id.* at 4. Plaintiffs do not appear to dispute that the Court may consider two of Defendant's exhibits (C and D) which contain images of Defendant's website and a compilation of images included in Plaintiffs' Amended Complaint, respectively. *Id.* at 2. These webpages and images are specifically referred to and relied upon in Plaintiffs' Amended Complaint, and Plaintiffs do not dispute their authenticity. Doc. 52 at 13; Doc. 33, ¶¶ 19-24. The Court will consider Exhibits C and D in ruling on the motion to dismiss.[1]

Plaintiffs argue, however, that the Court should not consider Exhibits A and B, which are two other webpage copies, because they are not mentioned or relied upon in the Amended Complaint. Doc. 52 at 10. Exhibit A contains a copy of a webpage as

---

[1] Plaintiffs do argue that Exhibit C is irrelevant because Defendant does not offer any evidence that the use of the term "VM" on this page constitutes a "clear disclaimer" that Defendant's server was in fact virtualized. Doc. 52 at 13. This argument goes to the weight of the evidence, not its relevancy.

1    saved on www.archive.org and dated December 26, 2014.  Doc. 43-1 at 2.  Exhibit B
2    contains a copy of a webpage as it allegedly appeared on September 28, 2016.  *Id.*
3    Plaintiffs contend that Defendant has not authenticated these exhibits, nor shown that
4    they were active or accessible to Plaintiffs when they purchased their Dedicated Servers.
5    *Id.* at 11.  Although Plaintiffs refer to these webpages in their Amended Complaint
6    (Doc. 33., ¶ 3 n.1&2), Plaintiffs dispute the authenticity of the copies attached to
7    Defendant's motion to dismiss, and whether they were accessible to Plaintiffs.  Doc. 52 at
8    11-13.

9    　　　Defendant argues that Plaintiffs' challenge to Exhibits A and B as unauthenticated
10   is without merit given that the Amended Complaint quotes from the webpages and
11   Plaintiffs admit that they relied on an archived version of a different page on Defendant's
12   website.  Doc. 61 at 4 n.1.  But a court may grant a motion to dismiss under the doctrine
13   of incorporation by reference only when the authenticity of the evidence is not
14   questioned.  *Coto Settlement*, 593 F.3d at 1038.  Plaintiffs clearly dispute the authenticity
15   of Exhibits A and B, and their citation to an archived version of another of Defendant's
16   webpages does not change that fact.

17   　　　Moreover, even if Exhibits A and B had been authenticated, Defendant has not
18   shown that they are central or even relevant to Plaintiffs' claims.  Exhibit B is an alleged
19   copy of Defendant's webpage from September, 2016.  Plaintiffs' Amended Complaint
20   states that Plaintiffs had already stopped using Defendant's hosting services at that time.
21   Doc. 33, ¶ 34.  Exhibit A is an alleged copy of Defendant's webpage from December 26,
22   2014.  Plaintiffs claim that they purchased Defendant's Dedicated Server plan in
23   December 2014, leaving doubt as to whether the webpage was accessible to Plaintiffs at
24   the time of purchase.  Additionally, Plaintiffs' only refer to the webpage in the
25   introduction section of their Amended Complaint in order to support a statement
26   concerning the types of sever products that Defendant offers.  Doc. 33, ¶ 3 n.1 & 2.  In
27   contrast, the factual allegations section of the Amended Complaint relies on images and
28   quotations from Defendant's October 31, 2014 press release, the webpage referenced on

that press release (the same webpage reflected in Exhibits C and D), and a separate webpage. *Id.*, ¶¶ 16-24. The factual allegations section does not contain any reference to the webpages in Exhibits A and B, or any indication that Plaintiffs reviewed or relied upon them in making their purchases.

Exhibits C and D do not contain any explicit statement of the Dedicated Server product's virtualized character. Doc. 43-4, 43-5. Defendant's cite Exhibit C to suggest that its identification of the Dedicated Server as a "single-tenant VM" constitutes a clear disclaimer of the virtualized nature of the Dedication Server. Doc. 43 at 12; Doc. 43-4 at 5. Defendant provides nothing to show that the meaning of "VM" was understood by Plaintiffs or other members of the public. Additionally, Exhibit C reflects Defendant's webpage as it appeared on September 28, 2016. Doc. 43-1 at 2.

In sum, the Court cannot conclude from the pleadings, including Exhibits C and D, that, when Plaintiffs purchased their products, Defendant's website clearly disclosed that the Dedicated Server product consisted of a single tenant virtual machine. Doc. 43 at 12. That is a factual issue that must be addressed at summary judgment and, perhaps, at trial.

**B.    Statute of Limitations.**

Defendant argues that Plaintiffs' ACFA claim is barred by a one-year statute of limitations. Doc. 43 at 14. *See Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2016 WL 3570465, at *2 (D. Ariz. July 1, 2016) ("The applicable statute of limitations for claims under the ACFA is one year."). Arizona courts have made clear, however, that the discovery rule applies to determine when ACFA claims accrue and the statute of limitations begins running. *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1379 (Ariz. Ct. App. 1994). As a result, "[t]he statute of limitations has been interpreted to begin running when the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Mister Donut of Am. v. Harris*, 723 P.2d 670, 672 (Ariz. 1986).

"When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998); *Walk v. Ring*,

44 P.3d 990, 996 (Ariz. 2002); *Alaface*, 892 P.2d at 1379. "The jury must determine at what point Plaintiff's knowledge, understanding, and acceptance in the aggregate provided sufficient facts to constitute a cause of action." *Doe*, 955 P.2d at 962. "A plaintiff need not know *all* the facts underlying a cause of action to trigger accrual. But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Id.* at 961 (emphasis in original; internal citation omitted). The statute of limitations is an affirmative defense which is "properly raised in a motion to dismiss where it appears from the face of the complaint that the claim is barred," but the motion should not be granted "unless it appears certain plaintiff will not be entitled to relief under any set of facts susceptible of proof under the claims stated." *Anson v. Am. Motors Corp.*, 747 P.2d 581, 582 (Ariz. Ct. App. 1987). "The defense of statute of limitations is never favored by the courts." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 968 (Ariz. 1995).

Defendant argues that judicially noticeable facts show that Plaintiffs could have discovered – with reasonable diligence – the virtualized nature of Defendant's Dedicated Server product as early as December 2014. Doc. 43 at 14. As noted, however, the Court will not consider Exhibits A and B for purposes of this motion to dismiss. Plaintiffs contend in their Amended Complaint that they first learned of the virtualized nature of the Dedicated Server product in October 2015, after engaging an independent server expert to diagnose recurring performance issues. Doc. 33, ¶ 31. They further allege that Defendant first acknowledged the virtualized character of the Dedicated Server to Plaintiffs in November 2015 during a conversation with GoDaddy support. *Id.*, ¶ 33. Construing the Amended Complaint in the light most favorable to Plaintiffs, as the Court must do at the motion to dismiss stage, *Anson*, 747 P.2d at 582, it is not clear that Plaintiffs knew or could have discovered with reasonable diligence the facts underlying their cause of action before October 2015. Because the face of the Amended Complaint does not establish that Plaintiffs' ACFA claim is time-barred, the Court will not dismiss the claim on that basis.

**C.   ACFA Claim.**

   **1.   Particularity Requirement.**

Defendant argues that Plaintiffs' ACFA claim should be dismissed because they did not plead it "with the particularity required by Federal Rule of Civil Procedure 9(b)[.]" Doc. 43 at 14. More specifically, Defendant contends that Plaintiffs "fail to allege facts relating to any of the advertisements they purportedly viewed prior to purchasing the Dedicated Server product at issue." *Id*. The Court disagrees. Rule 9(b) requires a complaint to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co.*, 806 F.2d at 1401. In their Amended Complaint, Plaintiffs provide quotations and excerpts from Defendant's alleged October 31, 2014 press release which advertises the "New Dedicated and VPS Servers[,]" as well as from two of Defendant's webpages. Doc. 33, ¶¶ 16-24.[2] Plaintiffs allege that these sources failed to disclose the virtualized nature of the Dedicated Server, and assert that Plaintiffs reviewed and relied on the representations in the press release and webpages before purchasing the product in December 2014.[3] *Id.* Additionally, Plaintiffs allege when and how they learned of Defendant's omission (*id.*, ¶ 33), and when they terminated use of Defendant's Dedicated Server product (*id.*, 34). These pleadings contrast sharply with those of the only case cited by Defendant, *Beshears v. Provident Life & Acc. Ins. Co.*, No. CV-07-00292-PHX-DGC, 2007 WL 1438738, at *1 (D. Ariz. May 15, 2007). In *Beshears*, the plaintiff never provided "the details behind [the alleged fraudulent] statement, including its content, how it was communicated, or why it was false." *Id.* at *2. Plaintiffs have provided those details here, and thus satisfy the particularity requirement of Rule 9(b).

---

[2] A copy of this press release is provided in Plaintiffs' response to Defendant's motion to dismiss. *See* Doc. 52-3.

[3] While the actual date of purchase is not alleged in the Amended Complaint, Plaintiffs contend that, "[i]f granted leave to amend, Plaintiffs would include [in the pleadings] the exact date of their purchase, December 16, 2014[.]" Doc. 52 at 12 n.7.

### 2. Duty to Disclose.

Defendant also argues that Plaintiffs' ACFA claim should be dismissed because Plaintiffs do not show that Defendant owed them an independent legal duty to disclose. Doc. 43 at 15 (citing Ariz. Rev. Stat. Ann § 44-1522(A) for the proposition that, "[t]o state a claim for violation of the ACFA based on a fraudulent omission, a plaintiff must allege that the defendant concealed, suppressed, or omitted a material fact *that the defendant was obligated to provide*.") (emphasis in original).

This Court has recently found that "the ACFA 'itself imposes an actionable duty to refrain from an omission of any material fact with intent that others rely thereon.'" *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 830 (D. Ariz. 2016) (quoting *Horne v. AutoZone, Inc.*, 275 P.3d 1278, 1281 (Ariz. 2012)) (alterations removed). Additionally, another court in this district considering an ACFA claim found "a duty to disclose under the Restatement (Second) of Torts § 551(2)(d), and as a result did not reach the question of whether ACFA itself also gives rise to a duty to disclose." *Ventures Edge*, 2016 WL 3570465, at *3. As the court noted, the Restatement "requires one party to a business transaction to disclose 'facts basic to the transaction, if he knows that the other [party] is about to enter into it under a mistake as to them, and that the other [party], because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.'" *Id.* (quoting § 551(2)(e)). The virtual character of the Dedicated Server product appears to constitute a fact material to the parties' transaction. Doc. 33, ¶¶ 20-28. Plaintiffs allege that Defendant "intentionally concealed" this fact. *Id.*, ¶ 52. These allegations are sufficient to allege the plausible existence of a duty to disclose under either the ACFA or the Restatement.

### 3. Reliance and Legal Causation.

Defendant argues that "Plaintiffs include only conclusory statements of reliance that fail to identify the specific advertisements on which Plaintiffs actually relied in purchasing the Dedicated Server product at issue." Doc. 43 at 16. As discussed above, however, Plaintiffs do identify the press release and webpages on which they allegedly

relied. Doc. 33, ¶¶ 16-32. *See also Ventures Edge*, 2016 WL 3570465, at *4 (finding a plaintiff pled sufficient facts to show reliance when its complaint contained an assertion that the plaintiff relied on an identified omission). Additionally, Defendant argues that Plaintiffs' statement of reliance fails as a matter of law because "courts have consistently held that consumers asserting an ACFA claim may not rely on statements (or omissions) contained in advertisements made in the face of a clear disclaimer to the contrary." Doc. 43 at 17. The Court has concluded that it cannot consider Exhibits A and B for purposes of this motion, and does not otherwise find from the pleadings that Defendant made a clear disclaimer of the virtualized nature of the Dedicated Server. Construing the Amended Complaint in the light most favorable to Plaintiffs, the Court finds that they have sufficiently pled reliance and legal causation under the ACFA.

### D. Fraudulent Concealment under Arizona Law.

Defendant argues that Plaintiffs' claim for fraudulent concealment under Arizona law "suffers from the same defects present in their ACFA claim – an inability to establish intentional conduct on the part of [Defendant], and a failure to identify an independent legal duty that [Defendant] owed to Plaintiffs." *Id.* at 18. Defendant is correct in stating that intentional conduct is required. *See Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 34 (Ariz. 2002); Restatement (Second) of Torts § 550. The Court finds, however, that Plaintiffs have sufficiently alleged intentional conduct by Defendant to conceal the virtualized nature of the Dedicated Server. Defendant is not correct in asserting that Plaintiffs must show an independent legal duty to disclose. Such a duty is not a required element of fraudulent concealment. *Wells Fargo*, 38 P.3d at 36 ("fraudulent concealment – without any misrepresentation or duty to disclose – can constitute common law fraud.").

### E. Negligent Misrepresentation under California Law.

Defendant contends that Plaintiffs' claim for negligent misrepresentation under California law should be dismissed because "an omission or implied assertion or representation will not support" such a claim. Doc. 43 at 19. Plaintiffs do not address

- 10 -

this argument in their response, and the Court agrees with Defendant. California law requires a "positive assertion" to establish a claim for negligent misrepresentation. *Evan F. v. Hughson United Methodist Church*, 10 Cal. Rptr. 2d 748, 756 n.2 (Cal. Ct. App. 1992). An implied assertion or omission is not sufficient. *Id.*; *see also Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 213 (Cal. Ct. App. 2007). Because Plaintiffs do not allege that Defendant made any positive assertions that the Dedicated Server was not virtualized, they have not alleged sufficient facts to state a claim. The Court will dismiss Plaintiffs' negligent misrepresentation claim.

### F. False Advertising and Unfair Competition.

California Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the False Advertising Law ("FAL")]." Cal. Bus. & Prof. Code § 17200. As a result, California courts have repeatedly recognized that "any violation of the [FAL] necessarily violates the UCL." *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. Ct. App. 2002) (quoting *Comm. On Children's Television, Inc. v. Gen. Foods Corp.,* 673 P.2d 660 (Cal. 1983)) (alterations and quotations omitted); *Buller v. Sutter Health*, 74 Cal. Rptr. 3d 47, 51 (Cal. Ct. App. 2008). "In turn, the FAL prohibits the dissemination of any advertising 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.'" *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 95 (Cal. Ct. App. 2009) (quoting Cal. Bus. & Prof. Code § 17500).

#### 1. Duty to Disclose and Reasonable Consumer Standard.

Defendant contends that, in order to establish a violation of California's FAL or UCL, Plaintiffs are "required to plead that the omissions on which they base their claims were either (1) 'contrary to a representation actually made by the defendant,' or (2) a 'fact the defendant was obligated to disclose.'" Doc. 61 at 7 (quoting *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Cal. Ct. App. 2006)). Plaintiffs do not dispute that their omission-based claims under the FAL and UCL require a duty to

- 11 -

disclose, but argue that "Defendant's duty to disclose arises under the ACFA." Doc. 52 at 19. As Defendant points out, however, Plaintiffs cite no law for the proposition that a duty to disclose for purposes of California law can arise from an independent Arizona law. In the alternative, Plaintiffs cite four factors identified by the California Court of Appeal to determine the existence of a duty to disclose. *Id.*

In *LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997))*,* the court established four circumstances in which an omission may constitute actionable fraud:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

Some California courts appear to have questioned whether the *Judkins* factors are appropriately applied to UCL and FAL claims based on omissions. *Norcia v. Samsung Telecomm. Am., LLC*, No. 14-CV-00582-JD, 2015 WL 4967247, at *6 (N.D. Cal. Aug. 20, 2015) (citing several California cases). Because both sides in this case apply the *Judkins* factors in their briefs, however, the Court will use them for purposes of deciding this motion. *See id.*; *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1175 (E.D. Cal. 2013) (noting that California courts are split on whether the *Judkins* factors apply to statutory omission claims, but declining to decide the issue because both parties applied the factors in their analysis).

Plaintiffs argue that they have pled facts sufficient to satisfy the second, third, and fourth factors. Doc. 52 at 19. Defendant argues that Plaintiffs have not satisfied any of the four factors. More specifically, Defendant contends that Plaintiffs do not "plausibly allege that knowledge of the virtualized nature of the Dedicated Server product was 'actively concealed' by or 'exclusive' to [Defendant,]" and cannot plausibly do so "given that the virtualized nature of [Defendant's] Dedicated Servers product has, at all times relevant, been publicly-available information." Doc. 61 at 8-9. Defendant cites Exhibits A and B for the latter assertion, but, as noted, the Court will not consider them.

Under the second *Judkins* factor, a duty to disclose exists "when the defendant had exclusive knowledge of material facts not known to the plaintiff." 60 Cal. Rptr. 2d at 543. According to Plaintiffs, Defendant issued a press release on October 31, 2014 announcing its new Dedicated Servers. Doc. 33, 16. The press release did not mention the virtualized nature of the servers, but did direct the public to Defendant's website for additional information. *Id.* Images contained in Exhibit C show that Defendant publicly referred to the Dedicated Server as a "VM" on at least one of its webpages (Doc. 43-4 at 5), but the Court cannot at this stage conclude that this acronym clearly communicated the virtualized nature of the servers. Nothing else contained in the pleadings indicates that Defendant's website reflected this material fact. Plaintiffs allege that they purchased the Dedicated Server product in December 2014. Doc. 33, ¶ 29. They suffered recurring performance issues, but did not learn of the virtualized nature of the product until they hired an IT consultant at least eight months after the original purchase. *Id.*, ¶¶ 30, 31. These facts, taken as true, plausibly suggest that Defendant had exclusive knowledge of the virtualized nature of the Dedicated Server and failed to disclose it.

Defendant relies on *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009). In *Wolph*, the court found that Acer did not have a duty to disclose that its computer did not contain sufficient memory to run Microsoft's Vista operating system because, according to the plaintiffs' own assertions, this information was already reflected in public recommendations from Microsoft and an article printed in Computer World. *Id.*, at *4. The court concluded that the "[p]laintiffs have not alleged any information known by Acer that was unavailable to the public." *Id.* In contrast, Plaintiffs factual allegations here – including Defendant's Exhibit C – do not show that the virtualized nature of the Dedicated Server was available to the public.

Because the Court concludes that Plaintiffs have alleged sufficient facts to plausibly show that Defendant had exclusive knowledge of the material fact at issue, the Court need not consider whether Plaintiffs can satisfy the third and fourth *Judkins* factors.

Defendant also argues that Plaintiffs' FAL and UCL claims should be dismissed

because they do not meet the reasonable consumer standard. It is not disputed that claims under the FAL and UCL are governed by the reasonable consumer test, "under which a plaintiff must show that members of the public are likely to be deceived." *Lima v. Gateway, Inc.*, 710 F. Supp. 2d 1000, 1007 (C.D. Cal. 2010). Defendant contends that "Plaintiffs' Amended Complaint falls short of these standards for one simple reason: [Defendant] clearly disclosed the virtualized nature of the Dedicated Server product." Doc. 43 at 22. The Court has already determined that it cannot conclude, based on the pleadings and taking Plaintiffs' factual allegations as true, that the virtualized nature of the product was clearly disclosed. Additionally, "[w]hether a business practice is deceptive will usually present a question of fact." *Lima*, 710 F. Supp. 2d at 1007. The Court will not grant Defendant's motion on this ground.

### 2. Actionable Statement and Plaintiffs' FAL Claim.

Defendant argues that Plaintiffs' FAL claim fails for lack of an affirmative misleading statement. Doc. 43 at 23. Plaintiffs counter that "courts within California are split on whether an omission pursuant on a partial representati[on] can support an FAL claim." Doc. 52 at 20. They argue that, "[b]y omitting reference to use of virtualization in its description of its Dedicated Servers, [Defendant] made partial representations that omitted material, qualifying facts regarding its product." *Id.*

The plain language of the false advertising statute covers the making or disseminating of untrue or misleading statements and does not specifically refer to omissions. Cal. Bus. & Prof. Code § 17500. But "California courts construe section 17500 to extend beyond literal false statements. The statute has been interpreted broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Rosado v. eBay Inc.*, 53 F. Supp. 3d 1256, 1267 (N.D. Cal. 2014) (quoting *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)) (quotation marks and brackets omitted). The court in *Rosado* refused to dismiss the plaintiff's FAL claim even though he did "not argue that eBay's website contained any

statements that were actually false." *Id.* Instead, the court considered only whether the advertising was likely to mislead an actual consumer. *Id.* Plaintiffs cite two additional cases where courts denied motions to dismiss FAL claims based on omissions. *See Tait v. BSH Home Appliances Corp.*, No. SACV 10-00711 DOC, 2011 WL 3941387 (C.D. Cal. Aug. 31, 2011) (denying motion to dismiss FLA claim when "Plaintiffs explicitly disavow [that it is] based on affirmative misrepresentations" and allege only "that Defendant failed to disclose certain material information to Plaintiffs prior to the time that they purchased the washing machines"); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 991 (S.D. Cal. 2014) (denying motion to dismiss FLA claim alleging fraud-based omissions, including an omission of material facts regarding defendant's failure to install and maintain firewalls and utilize industry-standard encryption).[4]

Defendant cites three cases for the proposition that FAL claims may not be based on omissions. Doc. 43 at 23; Doc. 61 at 12. First, in *Norcia*, 2015 WL 4967247, the court found that "[t]here can be no FAL claim where there is no 'statement' at all." *Id.* at *8. The plaintiff, however, was basing his FAL omission claim on Samsung's alleged failure to disclose deceptive programming of its phones intended to fool benchmark apps and create false perceptions regarding performance. *Id.* The court found that programming conduct could "not constitute a 'statement' or 'representation[.]'" *Id.* at *5. Because the plaintiff did not point to any "direct statements to consumers[,]" the plaintiff had not pled any "misleading statements or partial representations." *Id.* at *6, 8. Importantly, the court distinguished the facts of the case from those in *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1024 (N.D. Cal. 2011), in which the court found a "failure to disclose information actionable under the FAL, but not before observing that both plaintiffs 'describe contact with Bank of America, and explain that Bank of America omitted from these conversations and communications details about [the plaintiffs']

---

[4] Defendant argues that *In re Sony* is distinguishable because the plaintiff alleged misrepresentations as well as omissions. Doc. 61 at 11. The court, however, upheld the claim based on omissions alone. *In re Sony*, 996 F. Supp. 2d at 991.

- 15 -

1 enrollment in CPP.'" *Norcia*, 2015 WL 4967247, at *8 (quoting *Arevalo*, 850 F. Supp. 2d at 1024).

Second, *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212 (C.D. Cal. 2012), also held that "[t]he FAL requires an untrue or misleading statement." *Id.* at 1222. The court found that the plaintiff had not pointed to any statement at all because she relied only on her alleged exposure to a general advertising campaign, but did not "plead what the advertising materials specifically state" or identify any "particular advertisements or promotional materials that she was personally exposed to." *Id.* at 1220. Because the plaintiff did not point to any "misleading statements or partial representations" by Mary Kay, the court found that she did not adequately plead a violation of the FAL. *Id.* at 1222.

Finally, in *Marchante v. Sony Corp. of Am.*, 801 F. Supp. 2d 1013 (S.D. Cal. 2011), the court dismissed a FAL claim because plaintiffs did "not identify any specific statements made by Defendants." *Id.* at 1019. Like the plaintiff in *Stanwood*, the *Marchante* plaintiffs alleged only that "they were generally exposed to a deceptive advertising campaign for many months." *Id.*

None of these three cases stands for the proposition that an omission identified in a specific statement or representation by the defendant is not actionable under the FAL. The FAL prohibits "not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky*, 45 P.3d at 250 (quotation marks and brackets omitted). Omissions in an affirmative advertisement may make that advertisement misleading. A press release and webpages that describe the characteristics of a Dedicated Server product are statements that may mislead or deceive consumers if material information is omitted. As a result, "to state a claim under either the UCL or the [FAL] based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived." *Id.* (quotation marks and citation omitted). "California courts . . . have recognized that whether a business practice

is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d 934, 938 (9th Cir. 2008). Plaintiffs allege that Defendant disseminated "advertising, marketing, and other publications . . . that omitted information from consumers," and that these omissions "were material and likely to deceive a reasonable consumer." Doc. 33, ¶¶ 80, 81. Plaintiffs provide sufficient factual allegations to support their claim that the omission of the virtualized nature of the Dedicated Server from the October 2014 press release and several of Defendant's webpages would mislead the ordinary consumer as to the character of the Dedicated Server product. Because a violation of the FAL necessarily constitutes a violation of the UCL, Plaintiffs have also sufficiently pled a claim for relief under the UCL. *Kasky*, 45 P.3d at 250.[5]

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 43) is **granted** as to Plaintiffs' negligent misrepresentation claim, and **denied** as to all other claims.

2. Defendant's motion for judicial notice (Doc. 43-1) is **denied.**

Dated this 18th day of January, 2017.

_____
David G. Campbell
United States District Judge

---

[5] Defendant's argument that Plaintiffs' UCL claim fails for lack of an unlawful, unfair, or fraudulent business practice (Doc. 43 at 24-25) fails because conduct which violates the FAL is an unlawful business practice.

- 17 -